WILLIAM H. THOMAS (ISB 3154)
THOMAS, WILLIAMS & PARK, LLP
121 N. 9th St., Ste. 300
P.O. Box 1776
Boise, ID  83701-1776
Telephone:  (208) 345-7800
Fax:  (208) 345-7894
wmthomas@thomaswilliamslaw.com

**Attorneys for Plaintiff**

NO. _____
A.M. _____ FILED _____ P.M.

FEB 1 0 2012

CHRISTOPHER D. RICH, Clerk
By CHRISTINE SWEET
       DEPUTY

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| JADE R. JACKSON, an individual, | Case No. **CV OC 1202460** |
| Plaintiff, | |
| vs. | COMPLAINT WITH JURY DEMAND |
| CHALLENGER COMPANIES, INC., an Idaho corporation, | Fee: $88.00 |
| Defendant. | |

Plaintiff, for his complaint against Defendant, claims and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action brought under Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), as amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325 (2008) ("ADAAA"), to correct unlawful employment practices on the basis of disability, to vindicate Plaintiff's rights which were denied on the basis of his disability and to make Plaintiff whole. Plaintiff is a person protected under the above-referenced and ancillary

COMPLAINT WITH JURY DEMAND, P. 1

EXHIBIT A

statutes. Defendant discriminated against Plaintiff by unlawfully terminating Plaintiff's employment based on Defendant regarding Plaintiff as having a disability. Plaintiff also brings claims for tort damages under Idaho common law.

## JURISDICTION AND VENUE

2. The acts alleged in this Complaint occurred in Ada County, Idaho, and gave rise to the claims alleged. The amount in controversy is within the jurisdictional limits of this Court.

3. This Court also has jurisdiction pursuant to 42 U.S.C. § 12117 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

4. Defendant is a covered entity under the ADA and is an employer engaged in interstate commerce employing 15 or more workers.

## PARTIES

5. Plaintiff resides in Ada County, Idaho, and was employed by Defendant beginning on March 7, 2011. Plaintiff was discharged from his employment with Defendant on March 7, 2011, in violation of the Americans with Disabilities Act of 1990, as amended, and for which violation Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").

6. Defendant Challenger Companies, Inc. ("Defendant" or "Challenger Companies") is an Idaho corporation located at 1415 Madison Avenue, Nampa, Idaho. Challenger Companies is registered to do and is doing business in the State of Idaho.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff timely filed a charge of discrimination with the EEOC and has received a Notice of Suit Rights from the EEOC.

8. This Complaint is timely filed following Plaintiff's receipt of the Notice of Suit Rights and has, therefore, exhausted all administrative remedies required under the ADA.

## PLAINTIFF'S FACTUAL ALLEGATIONS

9. Plaintiff has been an electrician since 1999 and was employed by Stephen's Electric in Nampa, Idaho, as an electrician for 12 years.

10. In March 2011, Mark Howser ("Howser") was Defendant's Superintendent for its Micron Division located at 8000 South Federal Way, Boise, Idaho ("Micron").

11. At all times relevant to this Complaint, Howser was Defendant's agent and was acting within the course and scope of his employment with Defendant.

12. March 2, 2011, Howser called Plaintiff and asked if Plaintiff was still interested in the electrician position at Micron and whether Plaintiff was able to start working on March 7, 2011. Plaintiff accepted Howser's offer and agreed to begin work on March 7, 2011. Howser told Plaintiff to go to Defendant's corporate office to complete paperwork and schedule a drug test. Howser also gave Plaintiff a list of tools needed for the job along with information on the dress code.

13. March 3, 2011, Jason Wright, Defendant's Administration Manager, ("Wright") called Plaintiff to schedule a time to complete paperwork and the drug test.

14. March 3, 2011, 2:00 p.m., Plaintiff went to Defendant's corporate office and completed Defendant's employment application, an application, W-2 form and was given benefit information and forms. Plaintiff successfully passed the drug test.

15. Wright made certain representations to Plaintiff:

    15.1 that Defendant would pay Plaintiff at the hourly rate of $27.20;

    15.2  that Plaintiff would receive Defendant's full employee benefits, including health short term disability and life insurance;

    15.3  that Plaintiff would receive paid vacation; and

    15.4  that Plaintiff was eligible to participate in the Defendant's 401(k) retirement plan.

16.    March 7, 2011, Plaintiff reported for Orientation with Howser at Micron. Plaintiff was shown the tool room, instructed on safety measures and company procedures. Plaintiff was also given a tour of the facilities. At approximately 9:00 a.m., Plaintiff and Howser went on a break because Howser wanted to talk with Plaintiff alone. During that conversation the following comments were made:

    16.1  Howser told Plaintiff he was a "big boy" and that he had concerns about Plaintiff's size;

    16.2  Howser was under the impression that, since Plaintiff had experience wiring houses, Plaintiff would be small;

    16.3  Howser said that when he sees a large person he associates them with being lazy;

    16.4  Plaintiff denied that he was lazy and said that he was willing to work hard; and

    16.5  Plaintiff told Howser that he was excited to be working for Defendant.

17.    Howser then paged Alex Hall ("Hall") who was to be Plaintiff's tool partner. Howser gave Plaintiff keys and a card with a list of pager numbers on it.

18.    Howser later returned and told Plaintiff to grab his tools and follow him. Howser took Plaintiff into another room and stated, "we have a problem" and stated he was worried

about Plaintiff getting stuck because of his size. Howser hoped Plaintiff's former employer would hire him back since Howser was terminating Plaintiff. Howser told Plaintiff that he needed to work on dropping his weight.

19. Plaintiff was fully qualified to perform the essential functions of the position of electrician with or without reasonable accommodation.

20. Defendant regarded Plaintiff's obesity as substantially limiting in one or more major life activities.

21. Defendant fired Plaintiff because of Plaintiff's obesity.

22. Defendant did not engage in the interactive process with Plaintiff to determine whether there were reasonable accommodations which would allow Plaintiff to perform the essential functions of his position.

23. Defendant's firing of Plaintiff, because it regarded Plaintiff as disabled and/or considered that Plaintiff's weight was a substantially limiting impairment, was a violation of the Americans with Disabilities Act of 1994 and the Americans with Disabilities Act Amendment Act of 2008.

24. The effect of these unlawful practices has been to deprive Plaintiff of equal employment opportunities, and to otherwise adversely affect his employment status as an employee because Defendant regarded Plaintiff as disabled.

25. The unlawful employment practices complained of above were intentional.

26. The unlawful employment practices described above were committed with malice or reckless indifference for the federally-protected rights of Plaintiff.

27.  As a result of Defendant's violation of the laws as alleged herein, Plaintiff suffered the loss of wages and the indignity, humiliation and embarrassment of being discriminated against solely because he was regarded as disabled.

## ATTORNEY FEES

28. As a further and direct result of the action of Defendant, Plaintiff has been required to obtain legal counsel and is entitled to recover reasonable costs and attorney fees pursuant to 42 U.S.C. § 12205 and Idaho Code §§ 12-120(3) and 12-121.

## PRAYER

WHEREFORE, Plaintiff prays the Court for judgment against Defendant as follows:

1. Order Defendant to make Plaintiff whole by providing appropriate back pay in amounts to be determined at trial, with prejudgment interest, for lost wages resulting from the discrimination and other affirmative relief necessary to eradicate the effects of the unlawful employment practices to which Plaintiff was subjected;

2. Order reinstatement into a comparable position for Plaintiff or award front pay, in the amounts to be proved at trial, if reinstatement is impractical;

3. Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, including out-of-pocket expenses incurred as a result of the unlawful practices described above, in amounts to be proven at trial;

4. Order Defendant to make Plaintiff whole by paying compensatory damages to him for his past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses

he suffered as a result of the unlawful employment practices described above, in amounts to be proven at trial;

5. Award punitive damages to Plaintiff for Defendant's malicious and/or reckless conduct described above, in amounts to be proven at trial;

6. Award pre-judgment and post-judgment interest on all amounts recovered as allowed by law;

7. Award Plaintiff his costs and attorney fees in this action; and

8. Award Plaintiff such other and further relief as the Court deems just.

### DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all issues raised by this Complaint.

DATED THIS 10th day of February, 2012.

THOMAS, WILLIAMS & PARK, LLP

William H. Thomas
Attorney for Plaintiff

COMPLAINT WITH JURY DEMAND, P. 7